UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN W. COLE,
                             Petitioner,

   -vs-                                              DECISION
                                                       and ORDER
J. NOETH, Superintendent, Attica
Correctional Facility,                                 21-CV-6300 CJS

                            Respondent.
_____

INTRODUCTION

John W. Cole ("Petitioner") proceeding *pro se* filed this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge his convictions for, *inter alia*, robbery, kidnapping and assault in New York State Supreme Court, Monroe County. The Petition is a "mixed" petition containing both exhausted claims and an unexhausted claim. Now before the Court is Petitioner's application seeking "stay and abeyance" to allow him to exhaust the unexhausted claim in state court. For the reasons discussed below, the application for stay-and-abeyance is denied, and Petitioner must notify the Court how he wishes to proceed, otherwise the Court will dismiss the entire petition without prejudice.

BACKGROUND

Following a jury trial Petitioner was convicted of Robbery in the First Degree (2 counts), Robbery in the Second Degree (2 counts), Kidnapping in the Second Degree (1 count), Assault in the Second Degree (2 counts) and Criminal Possession of a Weapon (4 counts), and was sentenced to an aggregate of 25 years in prison. Notably, after police surrounded the house in which Petitioner and his co-defendants were committing

1

the crimes, Petitioner was arrested inside the home, and the victim later identified Petitioner at trial as having actively participated in the crimes.   On appeal, the New York State Supreme Court, Appellate Division Fourth Department, affirmed Petitioner's convictions and the New York Court of Appeals denied leave to appeal.

On April 5, 2021, Petitioner, proceeding *pro se*, filed the subject habeas petition, raising three grounds: 1) a claim under *Batson v. Kentucky* that the trial court erred when it denied Petitioner's *Batson* challenge, since the prosecutor failed to offer a non-pretextual race-neutral reasons for using a peremptory challenge to excuse a black juror; 2) a claim that the trial court violated Petitioner's right to effective assistance of counsel by failing to advise Petitioner that his attorney was having a medical issue during the trial that impaired his abilities; and 3) a claim for denial of the right to effective assistance of counsel based on trial counsel's absence in court during a discussion of a note from the jury.[1]

On August 30, 2021, Respondent filed a response to the Petition, contending that all three claims lack merit.   With regard to Petitioner's third claim concerning his attorney's absence when the trial court addressed a jury note, Respondent contends that the claim is not cognizable in a habeas petition since it involves only an issue of state law, namely, New York Criminal Procedure Law § 310.30.   Respondent points out, in that regard, that in his state-court appeal, Petitioner argued only that the trial court had

---

[1] The jury note asked for the jury to be given all photographs that had been admitted at trial.   Petitioner's attorney was absent from the courtroom at that moment, but counsel for co-defendant indicated that he had discussed the jury note with Petitioner's counsel and that Petitioner's counsel had no objection to the jury's request.   The trial court accordingly provided the photographs to the jury.   After Petitioner's counsel returned to the courtroom, he confirmed that he had no objection to the jury's request.

improperly addressed the jury note while Petitioner's counsel was not present in court. Respondent further contends that to the extent Petitioner's third claim is now attempting to allege a violation of the Sixth Amendment right to effective assistance of counsel, the claim is unexhausted, since Petitioner never raised it before the New York State courts, as well as procedurally defaulted.

      Pursuant to the Court's scheduling order (ECF No. 5) Petitioner had 30 days after Respondent's response to file any reply/traverse.   Petitioner did not file a reply/traverse within that time.   On October 12, 2021, Petitioner sent a letter to the Court, which the Clerk construed as a Motion for Stay. (ECF No. 14).   The letter indicated that Petitioner was requesting "a stay and abeyance" since some unspecified aspect of his habeas petition was unexhausted, and that Petitioner had prepared and filed a motion under New York Criminal Procedure Law § 440.10 asserting the unexhausted claim.   On October 18, 2021, Petitioner filed a more-detailed motion for stay and abeyance (ECF No. 15), clarifying that the unexhausted claim is the third claim, in which Petitioner is arguing that his Sixth Amendment rights were violated when the trial court acted on the jury note in his attorney's absence, and that Petitioner has not yet filed any post-judgment motion in state court.   Petitioner states, though, that he intends to file such a motion, raising three arguments: 1) the trial court's consideration of the jury's note in counsel's absence violated Petitioner's Sixth Amendment rights to counsel and "shifted the burden of proof to the defense"; 2) the trial court's action denied Petitioner "equal protection"; and 3) trial counsel was ineffective for "not objecting and developing the record related to the jury note issue" and for failing to object to the trial court shifting the burden of proof.

Petitioner baldly asserts both that these new arguments are "not plainly meritless" and that his appellate counsel "should of" raised the issue on appeal.

On October 21, 2021, Respondent filed an opposition to the motion for stay and abeyance. (ECF No. 18).   Respondent argues that Petitioner's application should be denied since he has not shown that he meets the requirements for stay and abeyance. In particular, Respondent contends that Petitioner has not shown good cause for failing to exhaust the claim before commencing this action, and that the unexhausted claim is meritless in any event.

The Court has considered the Parties' submissions, construing the *pro se* Petitioner's submissions liberally as required by Second Circuit law.

### DISCUSSION

<u>Stay and Abeyance</u>

Section 2254(b)(1)(A) of 28 U.S.C. requires habeas petitioners to first exhaust their state-court remedies with respect to each of the grounds raised in a petition.   A district court may not adjudicate a "mixed petition," consisting of both exhausted and unexhausted claims, except that it may deny the entire petition on the merits. *See*, 28 U.S.C. § 2254(b)(2).   Where the petitioner files a mixed petition containing both exhausted and unexhausted claims, the Court may, under certain circumstances, dismiss the unexhausted claims without prejudice and stay the petition, in order to allow the petitioner an opportunity to exhaust the unexhausted claims in state court.   However, such

> stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good

>cause for the petitioner's failure to exhaust his claims first in state
>court. Moreover, even if a petitioner had good cause for that failure,
>the district court would abuse its discretion if it were to grant him
>a stay when his unexhausted claims are plainly meritless.

*Rhines v. Weber*, 544 U.S. 269, 277, 125 S.Ct. 1528, 1535 (2005); *see also, Woodard v. Chappius*, No. 14 701 PR, 631 Fed. Appx. 65, 2016 WL 276908 at *1 (2d Cir. Jan. 22, 2016) ("Under *Rhines v. Weber*, 544 U.S. 269 (2005), a district court abuses its discretion in denying a stay to exhaust claims in a mixed petition if the unexhausted claims are not plainly meritless, if the petitioner has good cause for failing to exhaust, and if the petitioner did not engage in abusive or dilatory litigation tactics. *Id*. at 277–78.").

Where the requirements for stay and abeyance are not met, a court is not permitted to adjudicate a mixed petition, except to deny the entire petition on the merits (which this Court is not in a position to do at this time). Rather, the Court may either dismiss the entire petition without prejudice, or allow Petitioner to delete the unexhausted claims and proceed only with the exhausted claims. *See, Rhines*, 544 U.S. at 278, 125 S.Ct. at 1535 ("[I]f a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.").

Of course, if a petitioner deletes an unexhausted claim, the effect of such withdrawal may be that he will not be permitted to raise the withdrawn ground in a second or successive habeas petition, *see* 28 U.S.C. § 2244(b). Additionally, although the one-year limitations period for § 2254 petitions is tolled during the pendency of state-court "post-conviction or other collateral review" proceedings, *see*, 28 U.S.C. § 2244(d)(2), it is not

5

tolled during the pendency of the federal habeas lawsuit itself. *See, Rhines v. Weber*, 544 U.S. at 274-275 ("[T]he filing of a petition for habeas corpus in federal court does not toll the statute of limitations.").

Here the Court finds that Petitioner has not shown good cause for failing to exhaust his third claim in state court before commencing this action.  On this point, "good cause" generally requires the petitioner to show that an external cause outside of his control prevented him from exhausting; the petitioner's ignorance of the law is not sufficient. *See, Reyes v. Lamanna*, No. 18CV8724ATOTW, 2019 WL 5425494, at *2 (S.D.N.Y. Oct. 23, 2019) ("'Good cause' generally requires an external cause for the delay outside Petitioner's control.") (citation and footnote omitted); *see also, Castro v. Lamanna*, No. 18-CV-3315 (RA), 2019 WL 293388, at *2 (S.D.N.Y. Jan. 22, 2019) ("Petitioner's ignorance of the law, however, does not constitute 'good cause' for failure to exhaust.") (collecting cases).

As already mentioned, in support of his motion for stay-and-abeyance, Petitioner gives a single bare reason for his failure to exhaust his claim before filing this action, namely, "appellate counsel should of argued that trial counsel was ineffective for raising such a issue that warranted reversal on direct appeal." [sic]  The Court liberally construes this statement as an attempt to establish "good cause" for the failure to exhaust based upon ineffective assistance of counsel. *See, e.g., Mitchell v. Cournoyer*, No. 3:17-CV-349 (MPS), 2017 WL 1371250, at *2 (D. Conn. Apr. 11, 2017) ("Ineffective assistance of habeas counsel has been held to constitute good cause for failure to exhaust state remedies."), certificate of appealability denied, No. 17-1810, 2017 WL 6032457 (2d Cir. Sept. 27, 2017).

However, Petitioner's conclusory assertion that his appellate attorney "should of" raised the unexhausted claims is not sufficient to show ineffective assistance of counsel,

6

for purposes of establishing "good cause" within the meaning of *Rhines*.  Petitioner has not attempted to show that his appellate attorney was actually ineffective for failing to raise the unexhausted claim in his appeal, such as by showing that the claim has merit and that counsel raised issues on appeal that were significantly weaker.  Moreover, the Court agrees with Respondent that the proposed claim appears plainly meritless.

Consequently, the Court finds that Petitioner has shown neither that good cause exists nor that the jury-note claim has merit.

Consequently, the Court has before it a mixed petition.  As noted earlier, where, as here, the requirements for stay and abeyance are not met, a court is not permitted to adjudicate a mixed petition, except to deny the entire petition on the merits.  Other than that, the Court may either dismiss the entire petition without prejudice, or allow Petitioner to delete the unexhausted claims and proceed only with the exhausted claims. *See, Rhines*, 544 U.S. at 278, 125 S.Ct. at 1535 ("[I]f a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.").

In this case, it appears that dismissing the entire action without prejudice would result in Petitioner being denied habeas review on any of his claims, since the statute of limitations for the § 2254 petition has expired. *See, People v. Cole*, 179 A.D.3d 1505 (4th Dept. Jan. 31, 2020), *lv to appeal denied*, 35 N.Y.3d 1026 (Jun. 23, 2020).  Therefore, if the Court dismissed the petition without prejudice, and Petitioner attempted to refile the petition, it would be untimely.  On the other hand, if Petitioner deletes the admittedly

unexhausted claim, the effect of such withdrawal may be that he will not be permitted to raise the withdrawn claim in a second or successive habeas petition, see 28 U.S.C. § 2244(b).

## **ORDER**

Accordingly, it is hereby

ORDERED, that Petitioner's application for "stay and abeyance" (ECF Nos. 14, 15) is denied; and it is further

ORDERED, that within thirty (30) days of the date of this Decision and Order, Petitioner shall inform the Court in writing whether he would prefer that his entire petition be dismissed without prejudice so that he can pursue remedies in state court, or whether he would prefer to delete his unexhausted claim and proceed only with the remaining claims.  If Petitioner elects to have the entire petition dismissed without prejudice, he is advised that the one-year limitations period applicable to habeas petitions will presumably bar him from filing another habeas petition in federal court; and it is further

**ORDERED, that if Petitioner fails to respond in writing and affirmatively withdraw the unexhausted claim within thirty (30) days of the date of this Decision and Order, the Court will dismiss the entire petition without prejudice.**

SO ORDERED.

Dated:  Rochester, New York
        October 26, 2021

ENTER:

*Charles J. Siragusa*
CHARLES J. SIRAGUSA
United States District Judge